1  Daniel M. Cislo, No. 125,378
2  Peter S. Veregge, No. 155,769
   CISLO & THOMAS LLP
3  1333 2nd Street, Suite 500
   Santa Monica, California 90401-4110
4  Telephone:  (310) 451-0647
   Fax:  (310) 394-4477
5    danielcislo@cislo.com
     pveregge@cislo.com

6  Jeffrey A. Babener, No. 59099
   BABENER & ASSOCIATES
7  121 S.W. Morrison, Suite 1020
   Portland, OR  97204-3140
8  Telephone: (503) 226-6600
   Fax: (503) 226-4290
9

10 Attorneys for Plaintiffs,
   ENAGIC CO., LTD. and
11 ENAGIC USA, INC.

12

13               **UNITED STATES DISTRICT COURT**

14               **CENTRAL DISTRICT OF CALIFORNIA**

15 ENAGIC USA, INC., a California          ) **CASE NO. CV10-2079 VBF (RZx)**
   corporation, ENAGIC CO. LTD., a         )
16 Japanese corporation,                   )
                                           )
17           Plaintiffs,                   )
        vs.                                )
18                                         ) **STIPULATED PROTECTIVE**
   Anthony Tseng, an individual, A2O       ) **ORDER**
19 WATER, INC., a California               )
   corporation,                           )
20                                         )
           Defendants.                     )
21                                         )
                                           )
22 And related Counterclaims and Cross-    )
   Claims                                  )
23                                         )

24

25               NOTE: CHANGES HAVE BEEN
                 MADE TO THIS DOCUMENT
26

27
   Stipulated Protective Order
28                                1

1.     <u>PURPOSES, LIMITATIONS, AND STATEMENT OF GOOD CAUSE</u>

The parties represent that pretrial discovery in this case will necessarily include matters that are confidential and proprietary to the ongoing business of the parties or of third parties, namely, among other things, the production of material describing the parties' respective confidential design research, pricing, profitability, and sales information, and costs and manufacturing information.

Such information falls within recognized categories of information which may be protected from public disclosure through confidentiality designations under a protective order and which may include non-public, proprietary, or confidential information that constitutes or concerns trade secrets as defined by Cal. Civ. Code §3426.1(d).   <u>See</u> Fed. R. Civ. P. 26(c) (allowing protection of "trade secret or other confidential research, development or commercial information.").

The parties further represent that unrestricted disclosure of such material poses a substantial risk of great economic harm in that discovery of a party's trade secrets or other proprietary and confidential commercial information would put the party at a competitive disadvantage and would be a windfall to the discovering (competing) party.

More specifically, good cause exists for this Court to enter this Stipulated Protective Order, because it allows the parties to disclose such material in the litigation of this matter without suffering from an economic and business detriment that would result from the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material. The disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material would harm the parties financially and result in loss of business opportunities because the parties' competitors would gain an unfair advantage over the parties if they learn the parties' "CONFIDENTIAL" or "HIGHLY

Stipulated Protective Order

1 CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  The parties themselves

2 are competitors.  This material should be protected because it may reveal the parties'

3 financial status, and research and development activities.

4 Moreover, entry of this Order will permit the parties to be forthcoming in the

5 exchange of confidential information, which may promote resolution of this case.

6 For the foregoing reasons, good cause exists for entry of this Order to facilitate

7 pretrial disclosure while assuring the safety of these sensitive disclosures.  <u>See</u> Fed.

8 R. Civ. P. 26(c).

9 The parties acknowledge that this Order does not confer blanket protections on

10 all disclosures or responses to discovery and that the protection it affords extends only

11 to the limited information or items that are entitled under the applicable legal

12 principles to treatment as confidential.  The parties further acknowledge, as set forth

13 in Section 11, below, that this Stipulated Protective Order creates no entitlement to file

14 confidential information under seal; Civil Local Rule 79–5.1 sets forth the procedures

15 that must be followed and reflects the standards that will be applied when a party

16 seeks permission from the court to file material under seal.  Furthermore, the parties

17 acknowledge that this Order is not intended to circumscribe the confidential or

18 proprietary topics the parties may request or exchange.

19

20 2.   <u>DEFINITIONS</u>

21 2.1 <u>Party</u>:  any party to this action, including all of its officers, directors,

22 employees, consultants, retained experts, and outside counsel (and their support staff).

23 2.2 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

24 the medium or manner generated, stored, or maintained (including, among other

25 things, testimony, transcripts, or tangible things) that are produced or generated in

26 disclosures or responses to discovery in this matter.

27

Stipulated Protective Order

28                                        3

2.3 "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive Confidential Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel:  attorneys who are employees of a Party.

2.11 Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This

Stipulated Protective Order

1   definition includes a professional jury or trial consultant retained in connection with

2   this litigation.

3       2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support

4   services (e.g., photocopying; videotaping; translating; preparing exhibits or

5   demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

6   their employees and subcontractors.

7

8   3.   <u>SCOPE</u>

9       The protections conferred by this Stipulation and Order cover not only

10  Protected Material (as defined above), but also any information copied or extracted

11  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

12  testimony, conversations, or presentations by parties or counsel to or in court or in

13  other settings that might reveal Protected Material.

14

15  4.   <u>DURATION</u>

16      Even after the termination of this litigation, the confidentiality obligations

17  imposed by this Order shall remain in effect until a Designating Party agrees

18  otherwise in writing or a court order otherwise directs.

19

20  5.   <u>DESIGNATING PROTECTED MATERIAL</u>

21      5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each

22  Party or non-party that designates information or items for protection under this Order

23  must take care to limit any such designation to specific material that qualifies under

24  the appropriate standards.  A Designating Party must take care to designate for

25  protection only those parts of material, documents, items, or oral or written

26  communications that qualify – so that other portions of the material, documents,

27  Stipulated Protective Order

28                                      5

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials

Stipulated Protective Order

available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being

Stipulated Protective Order

asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make

Stipulated Protective Order

1
2
reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3
4
5
6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6
7
8
9
10
11
6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12
13
14
15
16
17
18
19
20
6.2 Meet and Confer.    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must comply with Civil Local Rule 37–1. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

21
22
23
24
25
26
6.3 Judicial Intervention.   If counsel are unable to settle their differences over a confidentiality designation after considering the justification offered by the Designating Party, the parties shall formulate a written stipulation under Civil Local Rule 37–2 (and in compliance with Civil Local Rules 37–2.1 through 37–4). Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

27
Stipulated Protective Order

28

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

Stipulated Protective Order

1   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

2   (c) experts (as defined in this Order) of the Receiving Party to whom

3   disclosure is reasonably necessary for this litigation and who have signed the

4   "Agreement to Be Bound by Protective Order"  (Exhibit A);

5   (d) the Court and its personnel;

6   (e) court reporters, their staffs, and professional vendors to whom

7   disclosure is reasonably necessary for this litigation and who have signed the

8   "Agreement to Be Bound by Protective Order" (Exhibit A);

9   (f) during their depositions, witnesses in the action to whom disclosure

10  is reasonably necessary and who have signed the "Agreement to Be Bound by

11  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits

12  to depositions that reveal Protected Material must be separately bound by the court

13  reporter and may not be disclosed to anyone except as permitted under this Stipulated

14  Protective Order;

15  (g) the author of the document or the original source of the information.

16  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

17  <u>ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in

18  writing by the Designating Party, a Receiving Party may disclose any information or

19  item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

20  to:

21  (a) the Receiving Party's Outside Counsel of record in this action, as well

22  as employees of said Counsel to whom it is reasonably necessary to disclose the

23  information for this litigation and who have signed the "Agreement to Be Bound by

24  Protective Order" that is attached hereto as Exhibit A;

25  (b) Experts (as defined in this Order) (1) to whom disclosure is

26  reasonably necessary for this litigation, and (2) who have signed the "Agreement to

27

Stipulated Protective Order

28                          11

1  Be Bound by Protective Order" (Exhibit A);

2     (c) the Court and its personnel;

3     (d) court reporters, their staffs, and professional vendors to whom

4  disclosure is reasonably necessary for this litigation and, with respect to professional

5  vendors, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

6  A); and

7     (f) the author of the document or the original source of the information.

8

9  8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10  OTHER LITIGATION.

11    If a Receiving Party is served with a subpoena or an order issued in other

12  litigation that would compel disclosure of any information or items designated in this

13  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

15  (by fax, if possible) immediately and in no event more than three court days after

16  receiving the subpoena or order.  Such notification must include a copy of the

17  subpoena or court order.

18    The Receiving Party also must immediately inform in writing the Party who

19  caused the subpoena or order to issue in the other litigation that some or all the

20  material covered by the subpoena or order is the subject of this Protective Order.  In

21  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

22  promptly to the Party in the other action that caused the subpoena or order to issue.

23    The purpose of imposing these duties is to alert the interested parties to the

24  existence of this Protective Order and to afford the Designating Party in this case an

25  opportunity to try to protect its confidentiality interests in the court from which the

26  subpoena or order issued.  The Designating Party shall bear the burdens and the

27

Stipulated Protective Order

28

1
2
3
4

expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

5
6
7
8

## 9.   PROTECTED MATERIAL DISCLOSED TO THE U.S. PATENT AND TRADEMARK OFFICE

9
10
11
12
13
14
15
16
17
18
19

If a Receiving Party or a Designating Party reasonably believes that certain Protected Material must be disclosed to the United States Patent and Trademark Office (USPTO) under that Party's duty to the USPTO and/or to reasonably support its position in any proceeding related to the trademarks at issue in this case, then that Party shall (a) notify the other Party in writing of its intent to disclose the information to the USPTO in advance of such disclosure and (b) file the material under seal with the USPTO, pursuant to the procedures specified in the USPTO's TMEP § 109, TBMP §§ 120, 412, 502.02(c), 703.01(p), 801.03, and 37 CFR §§ 2.27, 2.116(g), and 2.126(d).  The Designating Party for the Protected Material shall bear the burden of convincing the USPTO that the disclosed information should be filed under seal with the USPTO, if that issue arises.

20
21

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22
23
24
25
26

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

27
28

Stipulated Protective Order

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79–5.1.

12. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even

Stipulated Protective Order

if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.   MISCELLANEOUS

13.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

Cislo & Thomas LLP                                     Hausmann & Goldstone P.C.


_____                        _____
Daniel M. Cislo                                            Edwin D. Hausmann
Peter S. Veregge

Jeffrey A. Babener                                       Attorneys for Defendants,
BABENER & ASSOCIATES                         Anthony Tseng and A2O Water
                                                                     Company, Inc.
Attorneys for Plaintiffs,

Enagic USA, Inc., Enagic Co., Ltd., and Date:  September ___, 2010
Hironari Oshiro


Date: September  ___, 2010

1

2

3     IT IS SO ORDERED, provided, however: 1) this order shall be limited to the

4     production of material describing the parties' respective confidential design research,

5     pricing, profitability, and sales information, and costs and manufacturing information.;

6     and 2) this order shall not govern in connection with dispositive motions or at trial;

7     if protection is desired in connection with those proceedings, it must be sought

8     separately, from the judicial officer who will preside at those proceedings.  *See .Foltz*

9     *v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003);

10    *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

11

12    Dated: October 25, 2010

13    _____

14                    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

Stipulated Protective Order

28                                        16

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Enagic USA, Inc., and Enagic Co. Ltd. V. Anthony Tseng et al., Case No. CV 10-2079 VBF (RZx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

///

///

Stipulated Protective Order

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

Stipulated Protective Order

18